IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David Judd, | : | |
| Plaintiff | : | Civil Action 2:12-cv-00050 |
| v. | : | Judge Smith |
| Commissioner of Social Security, | : | Magistrate Judge Abel |
| Defendant | : | |

# ORDER

This matter is before the Court on plaintiff David Judd's January 4, 2013 objections to Magistrate Judge Abel's December 18, 2012 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Judd is not disabled within the meaning of the Act.  The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

In March 2008, the administrative law judge granted David Judd's fourth application for disability benefits, finding that he was disabled as of March 9, 2008, his fifty-fifth birthday, but not before. The administrative law judge found that between November 2004 and March 2008 Judd retained the ability to perform a reduced range of work having light exertional demands. When he turned 55 in March 2008, 20 CFR

416.966 directed a finding of disability because he could not perform a full range of light work.

Plaintiff filed a civil action in this Court. On September 2, 2010, this Court remanded the case because the administrative law judge failed to provide good reason or described the weight he accorded plaintiff's treating physician, Dr. Murray. *See* case no. 2:09-cv-00283. In case number 2:09-cv-00283, the Commissioner argued that the administrative law judge was not required to give good reasons for rejecting Dr. Murray's opinions because they were outdated and did not concern the relevant time period. The Magistrate Judge, however, rejected this argument, stating:

> As his opinion reflects, the ALJ considered Plaintiff's disability status only after November 22, 2004, as he concluded that previous determinations were final and binding. (R. at 19.) Nevertheless, in making his determination regarding Plaintiff's severe impairments, the ALJ relied heavily on Plaintiff's medical history before November 22, 2004, including medical records from 1998. Accordingly, it is clear that the ALJ *did* consider this period relevant to his disability determination.4 *Cf. Pasco v. Comm'r of Soc. Sec.*, 137 Fed. Appx. 828, 839 (6th Cir. 2005) ("[T]he Government notes that the 1995 and 1996 exams by [the treating physician] took place well before [the claimant's] alleged onset date of November 1999 . . . . However, the ALJ considered evidence from . . . exams that took place prior to 1999, so it does not appear that the ALJ necessarily found the earlier exam irrelevant."). Once again, the date of Dr. Murray's questionnaire may have been an acceptable reason for the ALJ to reject her opinions. The ALJ was procedurally required to articulate such reasoning, and failed to do so.

Case no. 2:09-cv-00283, doc. 41 at PageID 166.

2

Following remand, the administrative law judge held a second hearing on September 13, 2011. On September 20, 2011, the administrative law judge issued a decision finding that plaintiff was not disabled prior to March 8, 2008.

Plaintiff argues that the administrative law judge erred in rejecting the opinions of his treating physicians, Drs. Murray and Franklin, and his examining physicians, Drs. Hoy, Frank, Brinker, and Gilliam. Plaintiff argues that the administrative law judge erroneously concluded that the opinion of Dr. Murray was not entitled to deference because it was outdated. Although the administrative law judge's second decision did not rely on the opinions of the non-examining State agency reviews, Drs. Pangalangan and Holbrook, his residual functional capacity assessment in his second opinion was identical to the one in his first opinion. The administrative law judge incorporated his March 28, 2008 decision by reference. His March 28, 2008 decision relied upon evidence from the time period of Murray's opinion, demonstrating that these opinions were relevant to plaintiff's condition in 2004.

Plaintiff argues that evidence that a claimant was disabled five years to his date of last insured and that he was disabled five years after his date of last insured supported a finding that the claimant was continuously disabled. Plaintiff maintains that there is no indication that his condition improved after Dr. Murray provided his opinion. Plaintiff contends that Dr. Murray's opinions were supported by her clinical findings based on her physical examinations of him. Dr. Murray documented left calf atrophy, parenthesis, reflex abnormalities, an inability to toe walk on the left, and an

3

abnormal gait. Plaintiff also argues that Dr. Franklin, his treating orthopedist, also opined that plaintiff was disabled. Plaintiff maintains that the opinions of Drs. Hoy, Frank, Gilliam and Brinker were entitled to deference because they actually examined plaintiff unlike the State agency reviewing physicians.

The December 18, 2012 Report and Recommendation fairly summarizes the record, then the Magistrate Judge analyzed plaintiff's arguments as follows:

> With respect to the opinion evidence, the administrative law judge stated:
> > Treating physician Dr. Murray completed a physical capacities assessment on September 21, 2000. Dr. Murray did not provide any specific functional limitations, but she opined that the claimant was not "capable of maintaining employment" due to his physical condition (Prior Application file, pages 730-738). Dr. Hoy examined the claimant and completed a Basic Medical Form for ODJFS on August 11, 2000, and he offered his opinion that the claimant was limited to a reduced range of work and was "unemployable" (Prior Application File, pages 752-53). Consultative physician Dr. Frank examined the claimant on October 2, 2000, and he offered his opinion that the claimant could not walk without the use of a quad cane (Prior application file, pages 754-764). Finally consultative physician Dr. Gilliam examined the claimant on January 15, 2002, and he offered his opinion that the claimant could sit and stand "at will," walk "a little," and lift and carry 3 to 8 pounds occasionally. Dr. Gilliam opined that the claimant could handle objects easily, that his speaking and hearing skills were good, and that traveling was permitted (Prior Application File, pages 770-781).
> >
> > The undersigned gives little weight to Dr. Murray when applying the criteria set forth for the evaluation of treating source opinions in 20 CFR 416.927 and SSR 96-2p. Drs. Hoy, Frank, and Gilliam examined the plaintiff on only one occasion and therefore are not "treating" sources pursuant to
> 20 CFR 416.927(d). As for Dr. Murray's opinion, her responses on the

4

assessment form failed to address many of the objective criteria related to the claimant's condition that the August 2000 questionnaire required. She also failed to outline specific restrictions regarding the claimant's functional work abilities. Moreover, all of the physicians' opinions described above are outdated and not connected to the relevant time period. Even if these physicians' opinions were supported and well-founded in objective evidence–which they are not–it cannot be automatically be assumed that the claimant continued to be disabled from November 2004 to decision, the objective evidence relating to the relevant time period supports a conclusion that the claimant is limited to a reduced range of light exertion. For example, several of these physicians stated that the claimant required the use of a cane for ambulation, but progress notes from Ms. Rutan at Mad River Internal Medicine consistently document a relatively normal gait and no use of a cane between April 2006 and January 2008 (Exhibits B38F and 42F). Moreover the determination of disability is a question reserved to the Commissioner, and there is no indication that nay of these physicians are qualified to offer an opinion on the claimant's employability.

(R. 417-18.) With respect to Dr. Brinker, the administrative law judge stated:
> Debra Brinker, M.D. examined the claimant and completed a Basic Medical Form on July 26, 1999, and she offered her opinion that the claimant was limited to a reduced range of sedentary work and was "unemployable" (Prior Application file, pages 684-685). The undersigned gives little weight to this opinion as the ultimate conclusion of disability is an issue reserved for the Commissioner of Social Security. Moreover, her opinion is outdated, and object findings during the relevant time period support the conclusion above that the claimant is capable of performing a reduced range of light work.

(R. 418.)

Here, the administrative law judge provided sufficient rationale for his decision to reject the opinions of Dr. Murray. As plaintiff acknowledged, examining physicians such as Drs. Hoy, Frank, Gilliam, and Brinker are not entitled to deference afforded treating physicians. He concluded that Dr. Murray's opinion was not relevant because it was not based on the relevant time period. The administrative law judge noted other clinical findings made during the relevant time period

5

> demonstrating that plaintiff remained capable of performing a reduced range of light work until March 9, 2008. The administrative law judge also rejected Dr. Murray's opinion because it failed to identify the objective criteria and specific restrictions with respect to plaintiff's functional work abilities.  The administrative law judge's decision relied on substantial evidence during the relevant time period to support his finding that plaintiff could perform a reduced range of light work between November 22, 2004 and March 8, 2008.

(December 18, 2012 Report and Recommendation, pp. 23-25, Doc. 24, PageID 133-35.)

The Magistrate Judge properly concluded that the administrative law judge provided sufficient rationale for his decision to reject the opinion of Dr. Murray. Additionally, the Magistrate Judge noted that examining physicians Drs. Hoy, Frank, Gilliam, and Brinker are not entitled to the deference afforded treating physicians. The administrative law judge concluded that Dr. Murray's opinion was not relevant because it was not based on the relevant time period. Instead, the administrative law judge relied on other clinical findings made during the relevant time period to reach the conclusion that plaintiff was capable of performing a reduced range of light work until March 9, 2008. The administrative law judge also noted that Dr. Murray's opinion failed to identify the objective criteria and specific restrictions with respect to plaintiff's functional work abilities.  Because the administrative law judge's decision that plaintiff could perform a reduced range of light work between November 22, 2004 and March 8, 2008 is supported by substantial evidence, plaintiff's objections are OVERRULED.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.  Plaintiff's motion for summary

judgment is **DENIED.**  Defendant's motion for summary judgment is **GRANTED.**  The decision of the Commissioner is **AFFIRMED.**  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant.  This action is hereby **DISMISSED.**

                            /S/ George C. Smith
                            George C. Smith
                            United States District Judge